## Petroneli Belskis, Appellee, v. Dering Coal Company, Appellant.

1. INSTRUCTIONS—*must not ignore material issue.* An instruction which concludes with a direction is erroneous if it omits an element essential to recovery, and such an omission cannot be supplied by other instructions given in the cause.

2. INSTRUCTIONS—*when upon credibility of witnesses invades province of jury.* An instruction which tells the jury that "although some of the witnesses are not able to speak or understand the English language, yet if you believe they have told the truth by means of an interpreter, then the testimony of such witnesses is entitled to the same amount of credibility as the testimony of such witnesses who may have spoken to the jury directly in the English language," is erroneous in that it invades the province of the jury.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1908. Reversed and remanded. Opinion filed November 24, 1908.

BUCKINGHAM & TROUP, for appellant.

KEESLAR & GUNN and H. E. HUTTON, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Petroneli Belskis brought suit in the Circuit Court of Vermilion county against the Dering Coal Company to recover damages claimed to have been sustained by her as the widow of John Belskis, by reason of the alleged wilful failure of the servants of said coal company to comply with the statute relating to mines and miners resulting in the death of the said John Belskis. There was a verdict in favor of the plaintiff in the sum of $1,999.00 upon which judgment was entered. The coal company appealed.

Appellant insists that the verdict was contrary to the weight of the evidence and that the court erred in giving instructions for appellee.

The first of these assignments we do not deem it necessary to discuss for the reason that the judgment must be reversed for error in the giving of instructions, and a discussion on the merits could be of no avail.

Appellee's right of recovery was based upon the following alleged condition of things: John Belskis, de-

ceased, husband of appellee, was employed as a coal digger by appellant in its mine, and while deceased was at work under such employment appellant, not regarding its duty as fixed by the Revised Statutes governing mines and miners, wilfully failed to have the room, where deceased was at work, examined and marked by the mine examiner, and permitted deceased to enter and work in said room while there was a dangerous condition, because of a large loose rock in the roof of said room, and that by reason of such wilful failure to mark said loose rock as dangerous, deceased, while working thereunder, was killed by the falling of such loose rock.

Appellee's first instruction as modified, after defining the duties of the mine examiner, directed the jury in the following words:

"So in this case if you believe from the preponderance of the evidence that John Belskis, at the time in question, was in the employ of the defendant as a coal miner in room No. 5 of the Third Southwest entry, in Dering Mine No. 3 as alleged in the declaration and that on said occasion the mine examiner of the defendant had wilfully failed to inspect said room, or inscribe upon the walls of said room with chalk, the month and day of the month of his visit as evidence of his examination, and if you further believe from the evidence, that the said John Belskis, on the day in question entered said room when the same had not been examined by the defendant, and while engaged in the usual course of his occupation was killed by reason of a fall of rock from the roof of said room, which could have been discovered by the mine examiner had he examined the same, and that the failure to examine the room was the proximate cause of the death of said John Belskis, and if you further believe that at the time of his death the said John Belskis was the husband of the plaintiff, and lived with her and contributed to her support as alleged in the declaration, then in that state of the proof, if such a state of proof exists herein, your verdict should be for the plaintiff."

This instruction allows a recovery without requiring the jury to find from the evidence that the rock in question was loose and dangerous before or at the time that the mine examiner inspected the room or should have examined its roof to determine its safety.

This element, omitted, was a matter material to a recovery and is so conceded by appellee, but it is contended by appellee in excuse for the giving of the instruction that the element omitted from this instruction was fully covered by the instructions given upon the part of appellant. This, however, does not cure the infirmity here involved, for the reason that the instruction criticised directs a verdict for appellee in case the jury find the facts therein recited to be proven.

"The law applicable to different questions may be stated in separate instructions and the entire law applicable to all questions involved in a case need not be stated in each. In such cases the instruction supplement each other, and if they present the law fairly when viewed as a series, it will be sufficient. But if an instruction directs a verdict for either party, or amounts to such a direction in·case the jury find certain facts, it must necessarily contain all the facts which will authorize the verdict directed." Montgomery Coal Co. vs. Barringer, 218 Ill. 327-337. The instruction in question directed a verdict and was subject to the rule above quoted.

It was also error for the court to tell the jury in appellee's fifth instruction that "although some of the witnesses are not able to speak or understand the English language, yet if you believe they have told the truth by means of an interpreter, then the testimony of such witnesses is entitled to the same amount of credibility as the testimony of such witnesses who may have spoken to the jury directly in the English language."

The credit which the jury may give to the testimony of the several witnesses is a matter solely for the jury

and not for the court. It was an invasion of the jury's province to instruct them that the testimony of one witness was entitled to the same amount of credibility as the testimony of another witness.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*