## John Wilson, Appellee, v. Danville Collieries Coal Company, Appellant.

1. MINES—*duty toward timber man.* It is the duty of a mine owner toward a timber man to comply with the statute requiring dangerous conditions in a mine to be marked and entries thereof kept in a book at the top of such mine.

2. INSTRUCTIONS—*when erroneous.* Instructions directing a verdict which assume that the roof of a mine was dangerous are erroneous.

Action for damages for personal injuries. Appeal from the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed March 15, 1912.

CHARLES TROUP, for appellant; MASTIN & SHERLOCK, of counsel.

CLARK & HUTTON, KEESLAR & GUNN and J. ED. THOMAS, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought to recover damages alleged to have been occasioned to the plaintiff, who was in the employ of the defendant, by reason of its alleged wilful failure to comply with the statute regarding mines and miners. Plaintiff recovered a judgment for five thousand dollars, from which defendant prosecutes this appeal.

The declaration contained four counts designated as the first original count, first, second and third additional counts. The first count charges defendant with being the owner of the mine and being such owner it was the duty of defendant to permit no servant to be or remain in any part of the mine until all conditions therein had been made safe, except such person be working under the direction of the mine manager;

that in the east main entry of said mine there was a large, loose and dangerous rock, the condition of which was known to the defendant, and that defendant wilfully violated the statute and permitted plaintiff to enter said mine and work therein without then and there being under the direction of the mine manager, and while so working in the performance of his duties he passed near said rock which suddenly fell upon him without warning, and greatly bruised, wounded and hurt the plaintiff.

The first additional count charges defendant with being the owner of the same mine, operated by means of a perpendicular shaft in which there were certain entries and cross entries, that on the 21st day of April, 1910, and prior thereto, plaintiff was employed by the defendant as a timber man, and that by virtue of the statute it was the duty of the defendant to employ a licensed mine examiner whose duty it was to visit the mine each day before men were permitted to enter, and inspect all places where men were expected to pass or work, and discover all dangerous conditions therein and place conspicuous marks upon all such dangerous places found, as notice to all men to keep away; that on said days defendant wilfully failed to comply with these provisions of said statute and did not on the night or morning prior to the time of permitting the plaintiff to enter, on April 21, have the mine examined by a licensed mine examiner, and that on said day in the roof, of the east main entry near Room Four, there was a large, loose and dangerous rock which could have been discovered by the mine examiner had he exercised the reasonable care required by the statute, and that by reason of the wilful failure of the defendant to use such care and examine its mine and place upon said dangerous rock a conspicuous mark, plaintiff while passing said rock, was injured by the rock suddenly falling on him, whereby the plaintiff was greatly bruised, wounded and injured.

During the time of the trial or after the evidence was closed, plaintiff dismissed the second additional count of his declaration.

The third additional count charges the defendant with being the owner of the same mine operated in the same manner, that on the 21st day of April and prior thereto, plaintiff was employed as a timber man, that his duty required him to work in the entries of said mine; that it was the duty of the defendant to employ a licensed mine examiner to inspect all places where men were expected to pass or work, and observe and mark with a conspicuous mark all dangerous and unsafe places; that it was the duty of the defendant to keep a book and record all dangerous and unsafe places in said book, to be kept at the top of the mine, for the purpose of permitting its inspection by all persons interested therein, and to give any person required to go into said mine, upon inspection of said book, knowledge of the unsafe and dangerous conditions found therein by the mine examiner; that the defendant wilfully failed to comply with this provision of the statute and did not have its mine examiner make a daily record of the condition of the mine in a book kept for the purpose of giving persons interested the information they were entitled to receive therefrom. That in the east main entry near Room Four, there existed a large, loose and dangerous rock which could have been observed by the mine examiner had he examined the same, that defendant wilfully failed to make any record of such condition in said book as aforesaid, and then and there permitted plaintiff to enter the mine in question without such record having been made in such book, that by reason of the wilful failure of the defendant to make such daily record of the condition of said mine before plaintiff was permitted to enter, plaintiff was not apprised and did not know the dangerous condition thereof; that plaintiff was permitted to go into

said main entry and perform his work without information of the dangerous condition of said rock, by reason whereof said rock fell upon, injured and bruised the plaintiff.

Defendant filed its plea of general issue to all of these counts.

Defendant insists on a reversal of this judgment and as cause therefor insists there is not sufficient proof to support any count of the declaration; that the trial court erred in the admission and rejection of evidence; and in the giving and refusing of instructions.

The record discloses that the defendant owned this mine, that about the middle of March, 1910, a strike occurred and work was stopped from the first day of April until the 18th of April, 1910, when the defendant desiring to begin operations in the mine, employed a number of persons for the purpose of making all unsafe and dangerous conditions safe and secure for the operation of the mine and the working of the miners therein. That plaintiff had been employed by the defendant for a considerable time prior to this as timber man and that on the 18th of April he again entered the services of the defendant as a timber man, that he, together with one John Henry, was taken into the mine by the mine manager and shown and directed where to commence their work of timbering, and to continue on east from that place, which was at or near Room One in the east main entry.

On the 19th or 20th, plaintiff, with John Henry set numerous props and timbers for the purpose of supporting the roof of this entry in places where such were needed.

There is some conflict in the evidence, but the greater weight of the evidence is that the mine manager entered this mine on the morning of the 21st, about twenty-five minutes before seven, and soon after that plaintiff entered the mine and was met in the

east main entry by the mine manager where he was informed that a prop or timber had fallen on the previous night and he was directed, with John Henry, to replace it, they worked for about twenty minutes opposite or near Room Three in the east main entry replacing this timber. Plaintiff went to work in this mine under the directions which had been given him on the morning of the 19th or 20th, and he was continuing in the work which he was directed to do by the mine manager, and was working under the direction of the mine manager. (Kellyville Coal Company v. Bruzas, 223 Ill. 595.)

The timber which was down on that morning was a short distance east of the new timbering which had been put in the day before, in order to replace this timber or prop it was necessary to dig a hole in the floor of the entry where the prop was to be set. While plaintiff was digging this hole, John Henry cut a timber of the proper length, the timber was then placed one end in the hole and over the other end John Henry placed the timber which he had cut. This timber and prop were then secured in position and made tight by driving wedges between the timber and the roof or cap. After this timber had been replaced, plaintiff then proceeded eastward in the entry toward the point where the next timbering was required to be done, and it was while standing near this place or going to it from the timber which had just been placed that the rock fell upon plaintiff and he was crushed and very severely injured. The rock which fell was just east of the timber which had just been replaced, and extended a few inches east past the next timber which was held in place by the next prop. There were no markings made upon this rock on the night of April 20 or the morning of April 21 or none of recent date in that vicinity.

It is insisted by defendant that plaintiff was at all times in the mine by and under the direction of the

mine manager, who was also a licensed mine examiner, no separate examiner having been employed. No record of the condition of this mine was made or entered in the book required to be kept at the top of the mine on the 20th or 21st days of April, and there was no means of plaintiff deriving any information from this book on either of those days. Although plaintiff was employed as a timber man and it was his duty to make all dangerous places safe, and although he was working at the time of the injury under the direction of the mine manager and was not permitted to enter the mine except under the direction of the mine manager, it was, nevertheless, the duty of the defendant to comply with the other provisions of the statute which required it to make an examination of the roof of this mine and to mark thereon by a conspicuous mark all dangerous and unsafe conditions and to make entry thereof in the book at the top of the mine for the purpose of giving plaintiff and others who were working in the mine, information concerning such conditions. Kellyville Coal Company v. Bruzas, *supra;* Smith v. Ill. Collieries Co., 155 Ill. App. 148.

The jury was warranted on the record in this case in finding that the defendant wilfully failed to comply with the provisions of the statute in that regard. Plaintiff was very severely injured and is unable to perform any manual labor and can only move around or get about by the use of crutches. He was confined to his house for six weeks or more, and was severely injured in and about the hips, abdomen and kidneys. The judgment rendered in this case is not excessive.

Upon the contention that the court erred in giving to the jury the first instruction given on behalf of the plaintiff for the reason that it directs a verdict by informing the jury that if the plaintiff has proven the facts which by this instruction he is required to prove then the plaintiff has proven the third additional count of his declaration, and does not require that

plaintiff should prove by a preponderance of the evidence that the rock which fell upon plaintiff was loose at the time when the defendant made an examination of the mine or should have examined it, or that by the use of due and proper diligence on the part of the mine examiner it might have been discovered at that time, and also that the instruction assumes that this rock was loose. That the second instruction is bad because it assumes that the place from which the rock fell was in a dangerous condition and that the instruction did not require the plaintiff to prove its dangerous condition, but if the facts set forth in this instruction were proven by the preponderance of the evidence it informed the jury that plaintiff had proven the charge in the first additional count of the declaration. These instructions both, in effect, direct a verdict and they each assume the rock was loose and the place dangerous, material facts necessary to be proven by the plaintiff by a preponderance of the evidence before a recovery could be had. These instructions are similar to and in effect identical with the instructions given in the case of Belskis v. Dering Coal Company, 146 Ill. App. 124.

It is insisted also that the eleventh instruction as modified by the court is erroneous for the reason that it assumes that the rock was loose. What has been said with reference to the first instruction is equally applicable to the eleventh instruction, as modified and given.

For the giving of these instructions, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*