### John Wilson, Appellee, v. Danville Collieries Coal Company, Appellant.

1. MINES AND MINERALS, § 108*—*duty to timber-man.* The fact that the mine manager, who was a licensed mine examiner, informed a timber-man of the dangerous places in the mine and directed him to make them safe does not relieve the operator of mine from complying with the statute in making an examination of the roof of the mine, marking dangerous places and making entry thereof in a book.

2. DAMAGES, § 120*—*when not excessive for personal injuries.* A verdict for four thousand five hundred dollars for injury to a timber-man in a mine, *held* not excessive where he was confined to his house for six weeks and was severely injured about the hips, abdomen and kidneys, and unable to perform manual labor.

3. MINES AND MINERALS, § 176*—*when evidence sufficient to show failure to make inspection caused the injury.* In an action by a timber-man employed in a mine for injuries resulting from a fall of rock from roof of the mine, on account of failure of mine operator to comply with statute in inspecting the mine, evidence *held* sufficient to show that the rock which caused the injury was loose at the time inspection should have been made, and might have been discovered by a careful examination.

Appeal from the Circuit Court of Vermilion county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 16, 1913. Rehearing denied November 5, 1913. *Certiorari* granted by Supreme Court.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

CHARLES TROUP, for appellant; MASTIN & SHERLOCK, of counsel.

CLARK & HUTTON and J. ED THOMAS, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This cause was before this court at the October term, 1911 (171 Ill. App. 65.)    The opinion there filed contains a full statement of the pleadings and the facts, as they appeared in that record.    The facts presented here for our consideration do not differ materially from the facts stated in the former opinion, and the pleadings are identical.

This cause was again tried before the court and a jury, and verdict was rendered in favor of appellee in the sum of four thousand five hundred dollars.   Motions for new trial and in arrest of the judgment were filed and overruled, and thereupon judgment was entered in the sum of the verdict.   Exceptions were duly taken to the action of the court, and this appeal was prayed, granted and perfected, bringing the record before us.

Many of the errors assigned upon this record are formal, and it will not be necessary to give special attention to them in order to determine the rights of the parties hereto.

It is insisted by appellant that the fact that the mine manager, who was also a licensed mine examiner, informed appellee of the dangerous places and directed him to make them safe, obviated the legal necessity of the mine inspector's personal examination, marking such places as dangerous places, and recording same in a book to be kept for that purpose at the entry to the mine.

This same question was presented to this court on the former appeal, and in the opinion then filed, it was said: "It is insisted by defendant that plaintiff was at all times in the mine by and under the direction of

the mine manager, who was also a licensed mine examiner, no separate examiner having been employed. No record of the condition of this mine was made or entered in the book required to be kept at the top of the mine on the 20th or 21st days of April, and there was no means of plaintiff deriving any information from this book on either of those days. Although plaintiff was employed as a timber man and it was his duty to make all dangerous places safe, and although he was working at the time of the injury under the direction of the mine manager and was not permitted to enter the mine except under the direction of the mine manager, it was, nevertheless, the duty of the defendant to comply with the other provisions of the statute which required it to make an examination of the roof of this mine and to mark thereon by a conspicuous mark all dangerous and unsafe conditions and to make entry thereof in the book at the top of the mine for the purpose of giving plaintiff and others who were working in the mine, information concerning such conditions.''

The proposition of law here involved is thus clearly announced, and disposes of the question so far as this court is concerned.

It is further urged by appellant, as a ground for the reversal of the judgment, that such judgment is excessive in amount.

In the former opinion rendered in this case, it was said: ''The jury was warranted on the record in this case in finding that the defendant wilfully failed to comply with the provisions of the statute in that regard. Plaintiff was very severely injured and is unable to perform any manual labor and can only move around or get about by the use of crutches. He was confined to his house for six weeks or more, and was severely injured in and about the hips, abdomen and kidneys. The judgment rendered in this case is not excessive.''

Wilson v. Danville Collieries Coal Co., 184 Ill. App. 180.

The judgment from which this appeal is taken is for a smaller sum by five hundred dollars than the former judgment, and the condition of the appellee is substantially the same as then.

It is contended that the proof is not sufficient to show that the rock which caused the injury to appellee was loose and dangerous when he entered the mine.

The circumstances connected with this case lead us to conclude that the overhanging rock was loose at the time the inspection should have been made, and might have been discovered by a careful examination. Otherwise, it would not have been likely to have fallen in such a short time after appellee entered the mine. There was evidence and circumstances tending to prove the overhanging rock was loose and dangerous when appellee entered the mine. There being facts and circumstances in proof tending to establish this fact, and it being a question of fact for the determination of the jury, we must conclude the jury were justified in their finding upon this question.

Under the view we here take as to the duty of the appellant to cause an examination of its mine to be made, and to mark the dangerous places, and record such dangerous places in the book to be kept at the top of the mine where the employes could inspect the same before allowing them to enter the mine, the instructions complained of are not subject to the objections urged against them.

Finding no reversible error in this record, the judgment must be, and is, affirmed.

*Affirmed.*